UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SFS CHECK, LLC,

       Plaintiff,                      CIV. NO. 12-14607

      v.                            HON. TERRENCE G. BERG
                                    HON. R. STEVEN WHALEN
FIRST BANK OF DELAWARE,
ET AL.,
       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT (DKT. 34)**

SFS Check, LLC ("Plaintiff") is a Michigan company that purportedly provides financial transaction processing services. Plaintiff claims to be a victim of identity theft; in particular, Plaintiff alleges that someone unlawfully opened a bank account in Plaintiff's name at Defendant First Bank of Delaware ("FBD").[1] Plaintiff further alleges that this fraudulent bank account was used to process illegal internet gambling transactions. As a result of this illicit conduct, Plaintiff avers that its own bank (non-party Fifth Third Bank) refused to continue to process Plaintiff's transactions, which effectively put Plaintiff out of business, and that Plaintiff was served with, and forced to respond to, a Federal Grand Jury Subpoena issued by this Court pertaining to transactions in the fraudulent SFS Check account at FDB.

---

[1] The Amended Complaint (Dkt. 8) names FBD as a defendant, along with nine (9) individuals who were officers or directors of FBD. The individually named defendants shall be referred to collectively as the "Individual Defendants".

Plaintiff's Amended Complaint (Dkt. 8) asserts two common law claims against Defendants – negligence and fraud.[2] The case is before this Court by virtue of diversity jurisdiction. Defendants' moved to dismiss the Amended Complaint (Dkt. 34). Plaintiff has responded (Dkt. 41) and the Court heard argument on Defendants' motion to dismiss on May 29, 2013. Defendants' motion argues that Plaintiff's case should be dismissed for two reasons: first, as to the Individual Defendants, this Court does not have personal jurisdiction over them; second, as to all Defendants, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

For the reasons set forth below, Defendants' motion to dismiss is DENIED. The Court authorizes Plaintiff to conduct limited discovery, strictly confined to the question of whether there is personal jurisdiction over the Individual Defendants. After this limited discovery is completed, Plaintiff is directed to file a motion for leave to file a Second Amended Complaint (with a proposed Second Amended Complaint attached – *see* E.D. Mich. LR 15.1). Defendants may then respond to Plaintiff's motion for leave to amend within the time-permitted by E.D. Mich LR 7.1(e)(2), and the Court will determine whether Plaintiff's request for leave to amend is futile (*i.e.*, whether Plaintiff's proposed Second Amended Complaint could survive a Rule 12(b)(2) or (6) motion).

---

[2] Plaintiff's negligence claim (Count I) contains four sub-parts, three involving the alleged conduct or omissions of FBD and one for the alleged gross negligence of the Individual Defendants. The negligence claims against FBD include: (1) failure to "Exercise Due Care and Sound Reasonable Business Judgment;" (2) failure to "Exercise Due Diligence;" and (3) "Respondent [sic] Superior" for failing to "Supervise its Employees."

## I.  BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint which, for purposes of Defendants' motion to dismiss, are assumed to be true and are viewed in a light most favorable to Plaintiff.

Plaintiff alleges that it entered into automated clearing house ("ACH") agreements to process electronic fund transfers on behalf of several non-party entities (Dkt. 8 ¶ 15).  Plaintiff further avers that, after it began processing transactions for these entities, Plaintiff received notice from its own bank – non-party Fifth Third Bank – that it would no longer process Plaintiff's ACH transactions and was terminating its relationship with Plaintiff (Dkt. 8 ¶ 22).  Fifth Third Bank's expressed basis for terminating the relationship was that Plaintiff maintained an account at FBD that was apparently processing illegal gambling transactions (Dkt. 8 ¶¶ 17-18, 21-23.)

In an Affidavit attached to the Amended Complaint, Plaintiff's President Charles Kopko states that, after learning of an alleged FBD account in Plaintiff's name from Fifth Third Bank, he immediately contacted FBD (Dkt. 8; Ex. 1 ¶ 4). Mr. Kopko states that he was informed by "agents" and "members of [FBD's] corporate offices" that there was no "SFS" account at FBD (Dkt. 8; Ex. 1 ¶ 4).  In October 2012, Plaintiff received a Grand Jury Subpoena, issued by this Court; the Subpoena commanded production of documents relating to an FBD account – in Plaintiff's name (Dkt. 41; Ex. B).  Upon receiving this Subpoena, Mr. Kopko states that he contacted "the office of the [FBD] Bank President" and was told for the first

3

time that FBD "had opened an account for SFS and, in fact, SFS Novi of Michigan was a customer and they had been processing ACH transactions through this account" (Dkt. 8; Ex. 1 ¶ 7). Mr. Kopko states that he then told this unidentified FBD representative that he "was going to report this action to the [FBD] Board of Directors," to which Mr. Kopko was told that the FBD Board of Directors was "already aware of it" (Dkt. 8; Ex. 1 ¶ 8). Plaintiff further alleges that this unidentified FBD representative then stated that he could not discuss the account with Plaintiff further, because Plaintiff was not a signatory on the account (Dkt. 8 ¶ 29).

Plaintiff alleges in the Amended Complaint that Defendants acted negligently in creating the account in Plaintiff's name, engaged in fraud in their communications with Plaintiff subsequent to the creation of the account and, as a result, caused Plaintiff to incur damages totaling approximately $10 million (Dkt. 8).

## II. ANALYSIS

### A. *Motion to Dismiss for Lack of Personal Jurisdiction*

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff has the burden of proving the court's jurisdiction over the defendant. *See Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002); *see also Children's Legal Services, PLLC v. Shor Levin and Derita, PC,* 850 F. Supp. 2d 673, 679 (E.D. Mich. 2012). In ruling upon a motion to dismiss for lack of personal jurisdiction, the district court has three procedural alternatives: "[it] may

determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

"[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Children's Legal Servs.*, 850 F. Supp. 2d at 679 (citing *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)). An evidentiary hearing may be conducted "if the district court concludes that the written submissions have raised issues of credibility or disputed issues of fact which require resolution," in which case the plaintiff would be required to "show by a preponderance of the evidence that jurisdiction exists." *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1998).

However, where the district court finds no need for an evidentiary hearing, "the burden of the plaintiff is relatively slight, and the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Children's Legal Servs.*, 850 F. Supp. 2d at 679 (quoting *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.,* 503 F.3d 544, 549 (6th Cir. 2007) (internal quotations and citations omitted)); *see also Nationwide Mutual Insurance Co. v. Tryg Int'l Insurance Co.***,** 91 F.3d 790, 792-93 (6th Cir. 1996) (quoting with approval *Conti v. Pneumatic Prods. Corp.,* 977 F.2d 978, 987 (6th Cir. 1992) (Boggs, J., dissenting)

5

("[A] showing by a preponderance of the evidence is not necessary unless the trial court conducts an evidentiary hearing.")); *Neogen Corp.*, 282 F.3d at 887.

Likewise, where a "district court rules on a jurisdictional motion to dismiss made pursuant to Rule 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff," and in order to "'to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts,'" the court "'**does not weigh** the controverting assertions of the party seeking dismissal.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262-63 (6th Cir. 1996) (emphasis in original) (quoting *Theunissen*, 935 F.2d at 1459). "Dismissal in this procedural posture is proper only if all the specific facts which [the plaintiff] alleges collectively fail to state a *prima facie* case for jurisdiction." *Id.*

### B. *Limited Discovery is Appropriate*

In this case, the best course of action is to provide Plaintiff with discovery on the limited issue of whether the Court has personal jurisdiction over the Individual Defendants. Plaintiff has adduced some evidence to suggest that the Individual Defendants were at least aware of the SFS account at issue (*see, e.g.*, Dkt. 8; Ex. 1 ¶ 8). Furthermore, Plaintiff has provided some evidence indicating that certain unknown representatives of FBD may have misled Plaintiff concerning the existence of an FBD account in Plaintiff's name (Dkt. 8; Ex. 1 ¶¶ 4, 5). Because there are unresolved questions surrounding the involvement of the Individual Defendants with the SFS account at issue, and such personal involvement would

bear directly on the issue of whether there is personal jurisdiction, the Court will permit Plaintiff to engage in limited discovery to determine whether it can establish personal jurisdiction over any or all of the Individual Defendants. *See Drexel Chem. Co. v. SGS Depauw & Stokoe*, 59 F.3d 170 (6th Cir. 1995) (remanding the case to the district court for further fact-finding on personal jurisdiction).

This discovery will be limited solely to the issue of personal jurisdiction. In particular, Plaintiff may inquire into three specific areas: (1) the identities of any FBD representative(s) who may have spoken to Mr. Kopko in July 2010 and October 2010 concerning the fraudulent account at issue; (2) the content of those conversations; and (3) the involvement, knowledge, or actions of FBD's Board of Directors, or any of the Individual Defendants concerning the fraudulent SFS Check account at issue (*see* Dkt. 8; Ex. 1 ¶ 8 – the Affidavit of Mr. Kopko in which he states he was told that the FBD Board was "aware" of the account).

To this end, Plaintiff may conduct discovery for a period of sixty (60) days from the date of this order. Plaintiff is permitted to take no more than three (3) depositions of FBD representatives (not to exceed 5 hours each). These depositions must either be taken by video/teleconference, or take place in the state where the deponent lives (*e.g.,* Pennsylvania). Plaintiff may also serve no more than five (5) interrogatories, five (5) requests for production of documents and five (5) requests for admission. The parties are encouraged to work collaboratively to complete this limited discovery in a timely and efficient fashion. The parties are instructed to

contact the Court by telephone if any disputes arise during this limited discovery period.

After this limited discovery period closes, Plaintiff shall have fourteen (14) days to file its motion for leave to file a Second Amended Complaint, as described herein.

### III.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is DENIED. The Court will permit Plaintiff to conduct limited discovery for sixty days, on issues confined to personal jurisdiction over the Individual Defendants.  Fourteen days after this limited discovery period closes, Plaintiff is directed file a motion for leave to file a Second Amended Complaint (with a proposed Second Amended Complaint attached – see E.D. Mich. LR 15.1).  Defendants may then respond to Plaintiff's motion for leave to amend within the time-permitted by E.D. Mich LR 7.1(e)(2), and the Court will determine whether Plaintiff's request for leave to amend is futile (i.e., whether Plaintiff's proposed Second Amended Complaint could survive a Rule 12(b)(2) or (6) motion).

At this point in the proceedings, the Court expresses no opinion as to whether Plaintiff's Amended Complaint states viable claims for negligence or fraud. Defendants may renew their arguments relating to the purported legal infirmities of those common law claims when responding to Plaintiff's motion for leave to

8

4:12-cv-14607-TGB-RSW   Doc # 43   Filed 06/07/13   Pg 9 of 9   Pg ID 1015

amend and Plaintiff may attempt to address those infirmities in its proposed Second Amended Complaint.

**IT IS SO ORDERED.**

s/Terrence G. Berg<br>TERRENCE G. BERG<br>UNITED STATES DISTRICT JUDGE

Dated: June 7, 2013

Certificate of Service

I hereby certify that this Order was electronically submitted on June 7, 2013, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>Case Manager

9